UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| KATHY CHAMBERS,<br><br>    Plaintiff,<br><br>vs.<br><br><br>DISCOVER BANK, and DOES 1 to 10, inclusive,<br><br>    Defendants. | Civil Action No. |

## COMPLAINT FOR DAMAGES

### I. INTRODUCTION

1. Kathy Chambers ("Plaintiff") brings this action to secure redress from Discover Bank ("Defendant") for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, the Texas Debt Collection Act, ("TDCA"), TEX. FIN. CODE § 392, and the Deceptive Trade Practices-Consumer Protection Act ("DTPCPA"), TEX. BUS. & COM. CODE §§ 17.41-63.

### II. JURISDICTION AND VENUE

2. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States. Pursuant to 28 U.S.C. § 1367, jurisdiction in this Court is also proper as to Plaintiff's state law claims as Plaintiff's state law claims are so related to Plaintiff's TCPA claim they form part of the same case or controversy under Article III of the United States Constitution.

3. Pursuant to 28 U.S.C. § 1391(b), venue is proper in this District because the acts and transactions alleged in this Complaint occurred in this District, Plaintiff resides in this District, and Defendant transacts business in this District.

1

### III. PARTIES

4. Plaintiff is an individual, residing in Texarkana, Bowie County, Texas 75501. Plaintiff is an individual who has a consumer debt and, as such, Plaintiff is a "consumer" as defined by TEX. FIN. CODE § 392.001(1).

5. Defendant a national bank, registered under the laws of the State of Delaware. Defendant is headquartered at 502 E. Market Street, Greenwood, Delaware 19950.

6. Defendant is a person who directly or indirectly engages in debt collection and, as such, Defendant is a "debt collector" as defined by TEX. FIN. CODE § 392.001(6).

7. The true names and capacities, whether individual, corporate, or in any other form, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff, who therefore sues them by such fictitious names. Plaintiff will seek leave to amend this Complaint to show the true names and capacities of DOES 1 through 10 should they be discovered.

### IV. FACTUAL ALLEGATIONS

8. Within one year prior to the filing of this action, Defendant contacted Plaintiff to collect an obligation, or an alleged obligation, primarily for personal, family, or household purposes and arising from a transaction or alleged transaction ("alleged debt"). Thus, the alleged debt is a "consumer debt" as defined by TEX. FIN. CODE § 392.001(2).

9. At all times relevant to this action, Defendant owned, operated and/or controlled telephone numbers 623-643-2795 and 623-643-2440. At all times relevant to this action, Defendant called Plaintiff from, but not limited to, telephone number 623-643-2795 and 623-643-2440.

10. Within one year prior to the filing of this action, Defendant constantly and continuously called Plaintiff at, but not limited to, Plaintiff's cellular telephone number 903-276-4134 and Plaintiff's residential telephone number 903-832-6929. For example,

between October 29, 2013 and November 13, 2013, Defendant called Plaintiff no less than ninety (90) times.

11. Within one year prior to the filing of this action, Defendant regularly called Plaintiff multiple times over the course of one day. For example, on or about, but not limited to, November 3, 2013, November 4, 2013, November 5, 2013, November 6, 2013, November 7, 2013, November 10, 2013, November 11, 2013, November 12, 2013, and November 13, 2013, Defendant called Plaintiff no less than six (6) times over the course of one day.

12. Within one year prior to the filing of this action, Defendant regularly called Plaintiff once and then called Plaintiff again immediately thereafter. For example, on or about, but not limited to October 29, 2013, Defendant called Plaintiff at 5:32 p.m. and 5:35 p.m. On or about, but not limited to October 30, 2013, Defendant called Plaintiff at 8:28 a.m. and 8:29 a.m. On or about, but not limited to October 31, 2013, Defendant called Plaintiff at 5:23 p.m. and 5:25 p.m.

13. On or about November 15, 2013, at approximately 8:34 a.m., Defendant called Plaintiff. Plaintiff answered the telephone and spoke with a representative of Defendant who identified herself as "Kathy." Plaintiff notified Defendant that Plaintiff was unable to make any payments. Plaintiff demanded Defendant cease calling Plaintiff. Plaintiff informed Defendant that she would contact Defendant when she was able to make a payment. Defendant's representative informed Plaintiff that Defendant could not stop calling Plaintiff unless and until Plaintiff made a payment.

14. Defendant's statement that it could not stop calling Plaintiff unless and until Plaintiff made a payment was false.

15. Subsequent to November 15, 2013, and subsequent to Plaintiff's demand that Defendant cease calling, Defendant called Plaintiff at Plaintiff's cellular telephone no less than forty-five (45) times.

16. On or about November 26, 2013, Plaintiff requested in writing that Defendant stop calling Plaintiff. Plaintiff requested all future communication be directed

3

to Plaintiff's address. A true and correct copy of Plaintiff's November 26, 2013, letter is attached hereto and referred to herein as "Exhibit A."

17. Subsequent to November 26, 2013, Defendant called Plaintiff at Plaintiff's cellular telephone no less than twenty-eight (28) times.

18. The natural and probable consequences of Defendant's conduct was to harass, oppress or abuse Plaintiff in connection with the collection of the alleged debt.

19. The natural and probable consequences of Defendant's conduct amounts to an unfair or unconscionable means to collect or attempt to collect the alleged debt.

20. At all times relevant to this action, while conducting business in Texas, Defendant has been subject to, and required to abide by, the laws of the United States, which included the TCPA and its related regulations that are set forth at 47 C.F.R. § 64.1200, as well as the opinions, regulations and orders issued by the courts and the FCC implementing, interpreting and enforcing the TCPA and the TCPA regulations.

21. At all times relevant to this action, Defendant owned, operated and or controlled an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1) that originated, routed and/or terminated telecommunications.

22. Within four years prior to the filing of this action, Defendant called Plaintiff at Plaintiff's cellular telephone number 903-276-4134 multiple times using an artificial prerecorded voice or using equipment which has the capacity to store or produce telephone numbers to be called, using random or sequential number generator and to dial such numbers, also known as an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1)(A) and (B).

23. Defendant never received Plaintiff's consent to call Plaintiff on Plaintiff's cellular telephone using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1).

24. Assuming Defendant received Plaintiff's consent to call Plaintiff on Plaintiff's cellular telephone using an "automatic telephone dialing system" or an

"artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1), this consent was revoked on or about, but not limited to November 14, 2013 and November 26, 2013.

25. At no time have Plaintiff and Defendant had an "established business relationship" as defined by 47 U.S.C. § 227(a)(2).

26. Defendant is not a tax exempt nonprofit organization.

27. Defendant's violation of the TCPA was willful. Defendant's violation of the TCPA was willful because Plaintiff requested no less than two (2) times that Defendant cease contacting Plaintiff on Plaintiff's cellular telephone.

28. Within four years prior to the filing of this action, Defendant willfully and/or knowingly contacted Plaintiff no less than forty-five (45) times at Plaintiff's cellular telephone using an "automatic telephone dialing system" or using an "artificial or prerecorded voice" in violation of the TCPA.

## V. FIRST CAUSE OF ACTION
### (Violations of the TCPA, 47 U.S.C. § 227)

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

(a) Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

(b) Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone

using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

31. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

32. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## VI. SECOND CAUSE OF ACTION
### (Violation of the TDCA, TEX. FIN. CODE § 392)

33. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

34. Defendant violated the TDCA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated TEX. FIN. CODE § 392.302(4) by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

35. Defendant's acts as described above were done intentionally with the purpose of harassing Plaintiff.

36. As a result of the foregoing violations of the TDCA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the TDCA, actual damages, statutory damages, and costs and attorneys' fees.

## VII. THIRD CAUSE OF ACTION
### (Violation of the DTPCPA, TEX. BUS. & COM. CODE §§ 17.41-63)

37. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

38. Pursuant to TEX. FIN. CODE § 392.404(a) a violation of TEX. FIN. CODE § 392 is a deceptive trade practice and under the DTPCPA.

39. Defendant violated the DTPCPA. Defendant's violations include, but are not limited to, the following:

(a) In violating the TDCA, Defendant violated TEX. BUS. & COM. CODE § 17.46(a) by engaging in false, misleading, or deceptive acts or practices in the conduct of any trade or commerce.

40. As a result of the foregoing violations of the DTPCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the DTPCPA, actual damages, and costs and attorneys' fees.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a) Declaratory judgment that Defendant violated the TCPA, TDCA and the DTPCPA pursuant to TEX. FIN. CODE § 392.403(a)(1) and TEX. BUS. & COM. CODE § 17.50(b)(2); and

(b) An injunction prohibiting Defendant from contacting Plaintiff on Plaintiff's cellular telephone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(A); and

(c) Actual damages pursuant to TEX. FIN. CODE § 392.403(a)(2) and TEX. BUS. & COM. CODE § 17.50(b)(1); and

(d) As a result of Defendant's violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B); and

(e) As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to one thousand five hundred dollars ($1,500.00),

    for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C); and

(f)  Statutory damages pursuant to TEX. FIN. CODE § 392.403(e); and

(g)  Costs and reasonable attorneys' fees pursuant to TEX. FIN. CODE § 392.403(b) and TEX. BUS. & COM. CODE § 17.50(d);

(h)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

(i)  For such other and further relief as the Court may deem just and proper.

## IX.  DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: February 27, 2014      KYLE MATHIS & LUCAS, LLP

By: /s/ Kimberly A. Lucas

  Kimberly A. Lucas
  TX Bar No. 14991480
  8226 Douglas Avenue, Suite 450
  Dallas, Texas 75225-5950
  Telephone: 214.706.7607
  Facsimile: 214.706.7620
  Email: klucas@kylemathis.com
  *Attorney for Plaintiff*